BOWERMAN (UNITED STATES v.). See Case No. 14,630.

BOWERS (SCAMMON v.). See Case No. 12,431.

BOWERS (WEBB v.). See Case No. 17,319.

## Case No. 1,728.

### In re BOWIE.

[1 N. B. R. 628 (Quarto, 185);[1] 15 Pittsb. Leg. J. 448; 1 Am. Law T. Rep. Bankr. 97.]

District Court, D. Maryland. 1868.

BANKRUPTCY — INJUNCTION — RESTRAINING ENFORCEMENT OF JUDGMENT—WHO MAY OBTAIN—DISTRICT COURT—JURISDICTION.

1. Before the appointment of assignees, a petition for an injunction can be filed only by the bankrupt. After assignees are appointed, the petition should be filed by them.

[Cited in Thames v. Miller, Case No. 13,860; Re Steadman, Id. 13,330; Hudson v. Schwab, Id. 6,835.]

[See Jones v. Leach, Case No. 7,475.]

2. United States district courts have full and adequate jurisdiction in all matters relating to bankruptcy, at law and in equity. Its jurisdiction, however, to sell real estate and pay off liens, is not exclusive.

[Cited in Clifton v. Foster, 103 Mass. 233; Re Mallory, Case No. 8,991; Re Brinkman, Id. 1,884; Re Hufnagel, Id. 6,837; Augustine v. McFarland, Id. 648; Re Cooper, Id. 3,190.]

[See Ex parte High, Case No. 6,473; Ex parte Columbian Metal Works, Id. 3,039; Ex parte Kahley, Id. 7,593; Anonymous, Id. 456; also, Foster v. Ames, Id. 4,965; Ex parte Rhodes, Id. 11,746; Davis v. Anderson, Id. 3,623.]

[3. Cited in Re Carow, Case No. 2,426, to the point that an assignee is accountable only to the court appointing him.]

[4. Cited in Re Brinkman, Case No. 1,884, to the point that an assignee will not be required to sell property incumbered for more than its value.]

[5. Cited in Phelps v. Sellick, Case No. 11,079, to the point that, as regards proof of debts,

[1] [Reprinted from 1 N. B. R. 628 (Quarto 185), by permission.]

secured and unsecured creditors stand upon the same footing.]

[In bankruptcy. Petition by Thomas F. Bowie, a bankrupt, to restrain enforcement of judgments. Dismissed.]

GILES, District Judge. In this case the bankrupt filed a petition, setting forth that several of his creditors, prior to his application for the benefit of the bankrupt act, had obtained judgment against him in the circuit court of Prince George's county (the county in which he resides), and that writs of fieri facias had been issued on said judgments, which had been levied on all his real estate; that said judgment creditors are proceeding to enforce these said claims against him, both at law and in equity, and that they are about to obtain a decree on the equity side of the said circuit court of Prince George's county, to sell all his said lands, with a view to have the proceeds of the same marshalled amongst the several judgment creditors, according to their priority of liens. All of which he claims to be in derogation of his rights under the bankrupt act, and of the exclusive jurisdiction of this court in the matter; and he prays for an injunction to be issued against the said judgment creditors, enjoining them from the enforcement of their said liens in the courts of the state; and from any further proceeding in the cause now pending in the circuit court of Prince George's county, as a court of equity. By an order of this court passed May 18, 1868, this petition was set down for hearing on Monday, June 1st, and public notice of the same was given. The said judgment creditors appeared by counsel on the day named, and filed their answer to the said petition, in which they allege several reasons why the prayer of the said petition should not be granted. First. That, inasmuch as said petition was filed after the appointment of assignees of said bankrupt, in whom all the rights of property of the said bankrupt became vested, he, the said bankrupt, had no standing in court, and no interest in the matter whatever, and that such application could only be made by the assignees. Second. That this court has no jurisdiction in the premises; that such relief could only be sought and obtained in the circuit court of the United States for this district; that, inasmuch as these defendants have not filed their claims against said bankrupt, and are not in any way parties to the said bankrupt proceedings, they cannot be made parties, and be restrained from exercising their lawful rights, by any proceeding in the bankrupt's case, but they can only be proceeded against by process duly issued from said circuit court upon a bill filed therein.

Besides these objections to the petitioner's right, and to the jurisdiction of the court, the respondents aver, that the judgments they hold are the oldest judgments against the said petitioner, and that the amount due on them far exceeds the value of the real estate of the said petitioner; and that by no possibility will anything remain for the general creditors. Various other matters are set forth in the said answer, which in the view I take of the case, it is not necessary for me to refer to. But the answer states, that, from the fact of there being so many executions on judgments against said petitioner, and in the hands of different sheriffs, it was found necessary to file a bill on the equity side of Prince George's county court, to which all the lien creditors, and the petitioner and his assignees, are made parties, to procure a decree for the sale of the real estate of said petitioner, and a distribution of the proceeds of said estate among said lien creditors according to their several priorities, and that a decree will shortly be obtained for that purpose unless they are restrained by the action of this court. This case was fully and ably argued by the petitioner, his counsel, and the counsel for the lien creditors.

In reference to the first objection, I would only say, that if the facts presented by the petition and answer justified the court in granting the relief sought, I would direct the petition to be amended, making the assignees parties to the same. Before the appointment of assignees, such a petition could only be filed by the bankrupt; after assignees are appointed, it should be filed by them, and if, in a case requiring such a proceeding, the assignees should neglect or refuse to institute it, the bankrupt could make this known to the court, and the court could either remove the said assignees or direct them to proceed in the matter.

In reference to the second objection taken by the respondents, I am clearly of the opinion that the petition was properly filed in this court; and that this court has, by virtue of the 1st section of the bankrupt act [of 1867; 14 Stat. 517], full and adequate jurisdiction over all matters relating to the settlement of the bankrupt estate, either at law or in equity, by way of petition or bill; and that, whenever a case is presented which shows that the relief sought by the petition is absolutely necessary to protect the interest of the general creditors, and to save from sacrifice the estate of the bankrupt, such relief will be granted. Now is this case one of that character? It is stated in the answer, was also stated in argument, and not denied by the petitioner, that the amount now due on the judgments against him, far exceeds the value of his real estate; and that in no event can there be any surplus for distribution among the general creditors. Why, then, should this court interfere? Its jurisdiction to sell said real estate and pay off said liens is not exclusive; I think this clearly appears from the 14th and 28th sections of the bankrupt act. By the 14th section the assignee is to defend

all suits at law or in equity, pending at the time of the adjudication of bankruptcy; and by the 28th section the assignee is to be allowed in his account for the fees, costs, and expenses of suits, &c. The 6th section of the bankrupt act of 1841 [5 Stat. 445] gave ample jurisdiction to this court over all matters connected with the due settlement of the bankrupt's estate; and while the supreme court held, that, in a case like the present, the district court had full jurisdiction to bring all parties in interest before it and marshal the assets, there was nothing in the act which required that it should in all cases be absolutely exercised; on the contrary, when suits are pending in the state courts, and there is no suggestion of fraud, and nothing appears which requires the equitable interference of this court to prevent mischief or wrong to the general creditors, or a waste or misapplication of the assets, the parties may well be left to proceed with such suits, &c. Therefore, while in the case Ex parte Christy, 3 How. [44 U. S.] 292, the supreme court sustained the action of the district court, which had granted relief in the premises, it denied relief in the case of Norton's Assignee v. Boyd, 3 How. [44 U. S.] 434. A similar decision was made by Judge McLean in his circuit, in the case of McLean v. Rockey [Case No. 8,891]. These decisions settle the law of this case, and give to us the rule by which we are to be guided in all similar applications. The petition filed in this case is therefore dismissed.